UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SISTER E. JONES-BEY,<br><br>                              Plaintiff,<br><br>         -against-<br><br>DEPARTMENT OF SOCIAL SERVICES; DEPARTMENT OF HOMELESS SERVICES; HUMAN RESOURCES ADMINISTRATION; MR. MUHAMMED; MS. L. PATTERSON; and MOLLY WARSAW PARK,<br><br>                              Defendants. | 23-CV-8869 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se*, brings this action invoking the Court's federal question jurisdiction. She names as Defendants the New York City Department of Social Services ("DSS"), Department of Homeless Services ("DHS"), and Human Resources Administration ("HRA"). She also names three individuals: Mr. Muhammed, who is an HRA employee; Mr. L. Patterson, who is a DHS manager; and Molly Warsaw Park, DSS Commissioner. Her claims concern her public assistance.

      By order dated October 26, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the filing fees. For the reasons set forth below, the Court dismisses the complaint for failure to state a claim, with 30 days' leave to replead.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

Plaintiff asserts claims under the Fifth Amendment of the United States Constitution, arising from her receipt of public assistance, including temporary emergency shelter, cash assistance, and Supplemental Nutrition Assistance Program ("SNAP") benefits, and information she received from Defendants that she was at risk of losing these benefits.

In support of her claims, Plaintiff states the following facts in her complaint. From November 2022 to October 2, 2023, in the City of New York, "I have called and complained about the negligent behavior of employees & contractors of [DHS] and [HRA] to the Office of [Commissioner] Park and was ignored . . . . I have also called the complaint line and there is

never any answer."[1] (ECF 1, at 6.) She also states that "Mr. Muhammed rushed through a recertification process, didnt ask any questions and has caused and is causing undue hardship. Ms. L. Patterson ignored my complaint of negligence discrimination and harassment which le[d] to further negligence by several unknown [illegible]." (*Id.* at 6-7.) She asserts that as a result of Patterson's alleged conduct, "a Notice [was] sent on 10/2/2023 which puts myself and my offspring in danger of further slander libel and harassment by other workers and Vicknel Powell the Defendant in case # [23-CV-4149]."[2] (*Id.* at 7.) Plaintiff contends, however, that her "recertification was submitted [but] HRA sent a letter as if I did not[,] putting me in danger of financial hardship as well." (*Id.*)

In the injury section of her complaint, Plaintiff states, "disruption of my normal business operations leading to lost of contracts . . . [and] mental and emotional distress due to the uncertainty of income and place to live." (*Id.*) Plaintiff seeks punitive damages, "changes to policies and practices of all municipal agencies & retraining of staff," and an order directing Defendants to "step down due to violations of federal statutes and constitutional law." (*Id.*)

Plaintiff attaches to her complaint the following two exhibits. First, she attaches an October 2, 2023 notice from DHS, informing Plaintiff that DHS cannot assist Plaintiff with her request for Temporary Housing Assistance because she did not "cooperate with agency efforts to verify your eligibility by . . . demonstrat[ing] that you are a family unit under DHS' family

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise. The Court uses standard capitalization.

[2] Plaintiff filed a lawsuit against her former landlord, Vicknel Powell, involving Plaintiff's former residence in the Bronx. *See Jones-Bey v. Powell*, ECF 1:23-CV-4149, 1 (S.D.N.Y.). That action is pending before the Honorable Gregory H. Woods. Plaintiff invoked the court's diversity jurisdiction, asserting that Powell is a citizen of Jamaica. In Powell's answer, she denied the allegation that she was a foreign national and stated that she is a resident of New York. *See* ECF 1:23-CV-4149, 13.

eligibility guidelines." (ECF 1-1, at 2.) This letter is addressed to Plaintiff at "211 Crown Street, Family Unit 336, Brooklyn, NY," the same address she provides in her complaint. (*Id.*) Second, she attaches an October 1, 2023 notice from DSS informing Plaintiff that her cash assistance and SNAP benefits were "about to expire" because she did not recertify. (*Id.* at 4.) The letter states that Plaintiff needed to complete the recertification process by November 30, 2023. (*Id.* at 5.)

## DISCUSSION

### A.   New York City Agencies

Plaintiff's claims against DSS, DHS, and HRA must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against these three municipal agencies for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York. As discussed below, to assert a claim against the City of New York, Plaintiff must state facts suggesting that the City of New York caused a violation of her rights.

### B.   Due Process Claims

The Court construes Plaintiff's allegations that Defendants failed to address her complaints and "rushed" her through the recertification process as arising under 42 U.S.C. § 1983. (ECF 1, at 6.) Under Section 1983, an individual may bring claims in federal court,

asserting the violation of a right secured by the Constitution or laws of the United States by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Court also construes the complaint as asserting a procedural due process claim under the Fourteenth Amendment.

"The two threshold questions in any Section 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

Public assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (quoting *Goldberg v. Kelly*, 397 U.S. 254, 262 & n.8 (1970)); *see also M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 432 (S.D.N.Y. 2006) ("Persons who are qualified to receive welfare benefits have a legitimate claim of entitlement to such benefits."). Applicants for benefits, no less than recipients, possess such a property interest. *Kapps*, 404 F.3d at 113. In the context of public assistance benefits, due process typically requires pre-deprivation notice and an opportunity to be heard. *Goldberg*, 397 U.S. at 260-61; *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, No. 98-CV-8034, 2003 WL 22595396, at *4 (S.D.N.Y. 2003).

Where the government deprives a plaintiff of some property interest pursuant to an established procedure,[3] procedural due process is generally satisfied so long as some form of

---

[3] Conduct is undertaken in accordance with established state procedures when, for example, it is "'pursuant to a statute, code, regulation, or custom,'" or is the result of a decision made by a high-ranking official with "'final authority over significant matters.'" *See Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. Alliance LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

hearing is provided before the individual is deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate post-deprivation remedy); *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy").

New York State law provides public assistance applicants remedies to challenge the denial of benefits, including fair hearings under N.Y. Soc. Serv. Law § 22 and 18 N.Y.C.R.R. § 358, as well as an appeals process through Article 78 proceedings. These procedures have been found to be constitutionally sufficient to challenge adverse determinations in connection with government entitlement programs. *See, e.g.*, *Banks v. HRA*, No. 11-CV-2380, 2013 WL 142374, at *3 (E.D.N.Y. Jan. 11, 2013); *Vapne v. Eggleston*, No. 04-CV-565 (NRB), 2004 WL 2754673, at *5 (S.D.N.Y. Dec. 1, 2004).

### 1. Defendant Muhammed

Plaintiff alleges that Muhammed, who is an HRA employee, rushed her through the recertification process, which Plaintiff needed to complete to ensure that her cash assistance and SNAP benefits would not be terminated. Plaintiff's attachments suggest, however, that at the time Plaintiff filed her complaint, on October 7, 2023, her benefits had not been terminated. Indeed, the October 1, 2023 notification indicates that she had until November 30, 2023, to complete the recertification process. At this stage, therefore, there is no indication that any

adverse decisions have been rendered on the part of any municipal agency regarding her cash assistance and SNAP benefits.

Moreover, even if Plaintiff's benefits were terminated, she still would be required to challenge such a decision by requesting a fair hearing, prior to filing a lawsuit in federal court alleging a due process violation. Because Plaintiff does not allege that any state procedures were inadequate to challenge an adverse determination, the complaint does not state a due process claim against Defendant Muhammed. The Court therefore dismisses the claims against this Defendant for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Defendant Patterson

Plaintiff's claims against Patterson concern Plaintiff's Brooklyn apartment, and Plaintiff's eligibility to reside in a family unit. Plaintiff asserts that because "Patterson ignored my complaint of negligence[,] discrimination and harassment" (ECF 1, at 7), Plaintiff received the October 2, 2023 notice from DHS, indicating that Plaintiff had not provided the necessary proof of her eligibility. Plaintiff does not state any facts, however, suggesting that DHS' procedure to verify eligibility was in any way inadequate or that DHS evicted Plaintiff from her family unit – where she currently resides – before ensuring that Plaintiff could not provide proof of eligibility. Rather, she states in general terms that Patterson ignored Plaintiff's complaints of negligence, discrimination, and harassment. Inasmuch as Plaintiff is asserting that Patterson ignored Plaintiff's complaints, Plaintiff does not provide any specific details regarding this alleged conduct or how such conduct resulted in any harm to Plaintiff with respect to her housing. The Court therefore dismisses Plaintiff's claims against Patterson for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. City of New York and Commissioner Park

As noted above, the Court construes Plaintiff's claims against DSS, DHS, and HRA, as brought against the City of New York. The Court also construes the claims brought against Commissioner Park as brought against the City of New York because "[a] claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself." *Nassau Cty. Emp. "L" v. Cty. of Nassau*, 345 F. Supp .2d 293, 298 (E.D.N.Y. 2004) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing.  The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).  In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.  *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Where a municipality's failure to adequately train and supervise employees results in a constitutional violation, and reflects a "deliberate indifference" to the constitutional rights of those with whom the employees will come into contact, a plaintiff may state a claim against the municipality. *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989); *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir.1992).

Plaintiff essentially asserts that as a result of a failure to train City employees, the City of New York caused the violation of her constitutional rights. Because Plaintiff has not stated facts suggesting an underlying constitutional violation, however, she cannot state a municipal liability claim against the City of New York. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (absent an underlying constitutional violation, there can be no *Monell* liability).

Even if Plaintiff had stated a constitutional violation, she still does not state a claim against the City under *Monell*. None of Plaintiff's allegations suggest that (1) the City failed to train its employees, (2) this failure resulted in a violation of her constitutional rights, and (3) the City showed deliberate indifference to such a violation. Indeed, the attachments to the complaint suggest that the City of New York followed a procedure whereby it notified Plaintiff in advance that her benefits were at risk of termination and that it attempted to work with her to verify her eligibility for a family unit. The Court therefore dismisses Plaintiff's municipal liability claims against the City of New York and Commissioner Park. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state a valid due process claim, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims. Should

9

Plaintiff decide to amend her complaint, she must include facts in her amended pleading suggesting that the named Defendants denied her due process when Plaintiff sought to verify her eligibility for a family unit and submitted her recertification to secure her cash assistance and SNAP benefits. If Plaintiff's benefits were terminated, and if DHS evicted her from her family unit, Plaintiff must state facts detailing the steps she has taken to challenge such decisions.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   December 5, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge